UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Dione Richard Carrington,	Case No. 05-70814
	Chapter 7
	Debtor.	Hon. Phillip J. Shefferly
_____/
Dione Richard Carrington,

	Plaintiff,

vs.	Adv. Proc. No. 06-4659

Izetta Bright, Ralph Robert, Randall LeVassuer,
Lee Gordon, Charlotte Overall, Ted Phillips,
Allen Dyer, MLA, Inc., Brian Butchart, Phillip J.
Shefferly, Marshall Brooks

	Defendants.
_____/

**ORDER REGARDING APPLICATION OF 28 U.S.C. § 455**

On May 15, 2006, the Debtor, Dionne Richard Carrington filed an adversary complaint. The complaint alleges that certain Defendants undertook action in violation of the automatic stay under 11 U.S.C. § 362 pertaining to certain real property in which Plaintiff claims to have an interest. On June 7, 2006, Plaintiff filed an amended complaint (docket entry #6). The amended complaint added certain defendants, including the Judge assigned to Plaintiff's bankruptcy case, Phillip J. Shefferly. The amended complaint does not allege that Judge Shefferly had any involvement in any of the conduct that gives rise to the alleged violations of the automatic stay of § 362 as described in the amended complaint. Instead, the only conduct of Judge Shefferly that is referenced in the amended complaint consists of the following allegation that appears in the amended complaint under "Count XII": "Take Judicial Notice that no OATH OF OFFICE is in Court Room No. (1975) where Phillip

Shefferly resides and makes Judicial Decisions." (First Am. Compl. at 4.)

At a conference conducted by the Court in this adversary proceeding on July 12, 2006, Plaintiff was asked whether there was any other conduct of Judge Shefferly that Plaintiff was alleging to be actionable in his complaint. Plaintiff stated on the record that the only allegation that he was making against Judge Shefferly was the failure of Judge Shefferly to maintain an oath of office in his courtroom. Plaintiff also characterized the inclusion of Judge Shefferly as a Defendant in the adversary proceeding as an "error." Plaintiff explained that he found a requirement in a book in a "Lansing law library" that "all judges" must have an oath of office in their courtroom. Plaintiff clarified that he was not seeking to recover any damages against Judge Shefferly for violation of the automatic stay of § 362, nor did he allege that Judge Shefferly had participated in violating the automatic stay of § 362.

Because the amended complaint names Judge Shefferly as a Defendant for the reasons set forth above, as explained by the Plaintiff at the July 12, 2006 conference, the Court must consider the application of 28 U.S.C. § 455 and whether it requires disqualification of Judge Shefferly in this case. The applicable portion of that statute provides that "[a]ny justice, judge, or magistrate of the United States . . . *shall* [ ] disqualify himself in the following circumstances: . . . (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: (i) Is a party to the proceeding . . . ." 28 U.S.C. § 455(b)(5)(i) (emphasis added).

The language of this provision appears to automatically require disqualification where a judge is a party to a proceeding. However, courts that have examined this provision have held that, where a judge is added as a party to a proceeding because of some unfavorable ruling and without any legitimate basis for naming such judge as a party, this section does not require automatic

disqualification by the judge so named. For example, in <u>Andersen v. Roszkowski</u>, 681 F. Supp. 1284 (N.D. Ill. 1988), the plaintiffs were unsuccessful in a lawsuit brought to foreclose upon a farm that they owned. 681 F. Supp. at 1286-87. Rather than file an appeal of the unfavorable decision, the plaintiffs filed an action in federal district court seeking to attack the state court decisions. <u>Id.</u> at 1287. The federal district judge assigned to the federal case dismissed the case on its merits. The plaintiffs then filed another lawsuit in district court, which was assigned to the same federal district court judge who had dismissed their previous case. In the new lawsuit, the plaintiffs named that federal district court judge, members of his staff, as well as certain state court and U.S. court of appeals judges, as defendants. <u>Id.</u> at 1287-88. The plaintiffs then moved to have the federal district court judge disqualify himself from hearing the suit. <u>Id.</u> at 1288.

The <u>Andersen</u> court began its analysis of the plaintiffs' motion by reviewing 28 U.S.C. § 455(b)(5)(i), quoted above. Notwithstanding the apparent automatic disqualification required by this statute, the court concluded that automatic disqualification is not required where the judge has been sued without any legitimate basis and naming the judge as a party to the suit would allow a litigant to judge shop where the litigant has received an unfavorable ruling and wishes to have his or her case assigned to a new judge.

> The language of Section 455(b)(5)(i) requires disqualification where the judge is a party to the proceeding, and it implies automatic disqualification. This Section, however, has been construed by courts as not requiring automatic disqualification. One reason courts have refused to interpret the section literally is to prevent the plaintiffs from "judge-shopping"; if Section 455(b)(5)(i) required automatic disqualification, plaintiffs might name a judge as a defendant to get a new (and perhaps more favorably inclined) judge. Thus, courts have refused to disqualify themselves under Section 455(b)(5)(i) unless there is a legitimate basis for suing the judge. Another reason courts have refused to interpret the Section literally is that such an interpretation does not allow for a situation where all judges in a particular district have been sued.

Id. at 1289 (citing New York Housing Development Corp., 796 F.2d 976, 981 (7th Cir. 1986) ("automatic disqualification allows the party to manipulate the identity of the decisionmaker")) (other citations omitted).

The Andersen court recognized that if it were to disqualify itself and have the case reassigned to another district judge, the plaintiffs could just as easily "sue the new district judge and so on and so on." Id. The court concluded that, because there was no "legitimate basis" to name the district court judge in the plaintiffs' suit, the court would refuse to allow the plaintiffs to manipulate the identity of the decision maker and to engage in this form of judge shopping. Id.

The Court is persuaded that the Andersen court's analysis of 28 U.S.C. § 455(b)(5)(i) is correct, and that the statute does not require automatic disqualification in the circumstances of this case. Further support for this analysis can also be found in an advisory opinion published by the Committee on Codes of Conduct as authorized by the Judicial Conference of the United States. Advisory Opinion No. 103, issued on July 12, 2002, summarizes the Committee's views concerning whether Judicial Canon 3C(1)(d)(i) requires that a judge recuse himself when the judge is a party to the proceeding. That Canon contains language that is substantially similar to 28 U.S.C. § 455(b)(5)(i). Advisory Opinion No. 103 came to the same conclusion in reviewing Canon 3C(1)(d)(i) that the Andersen court came to in applying 28 U.S.C. § 455(b)(5)(I).

> Important reasons exist for a judge not to disqualify routinely, as this would permit and might even encourage litigants to manipulate and abuse the judicial process, which could undermine public confidence in the integrity of the judiciary. Automatic disqualification of a judge cannot be obtained by the simple act of suing the judge, particularly where the suit is primarily based on the judge's prior judicial rulings.

(Available at http://jnet.ao.dcn/Guide/Volume_2/Chapter_4/Adv_Opinion_103.html.)

In this case, Plaintiff's only allegation against Judge Shefferly in the amended complaint

-4-

pertains to the failure to maintain an oath of office in Judge Shefferly's courtroom. It is apparent to the Court that Plaintiff does not have a legitimate basis for naming Judge Shefferly as a Defendant in this adversary proceeding. In these circumstances, the Court has considered the application of 28 U.S.C. § 455(b)(5)(i) and Judicial Canon 3C(1)(d)(i). The Court adopts the analysis of <u>Andersen v. Roszkowski</u> and concludes that I am not required to disqualify myself from hearing this adversary proceeding under 28 U.S.C. § 455(b)(5)(i) or Judicial Canon 3C(1)(d)(i). However, the Court has determined that it is appropriate to enter an order regarding this issue. Accordingly,

IT IS HEREBY ORDERED and the Court finds that 28 U.S.C. § 455(b)(5)(i) does not require my disqualification as the judge in this case because I have been named as a Defendant in the Plaintiff's amended complaint.

**Entered: August 10, 2006**

                                                   **/s/ Phillip J. Shefferly**
                                                   **Phillip J. Shefferly**
                                                   **United States Bankruptcy Judge**